```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
CHRISTOPHER P. LEE,

                Petitioner,        MEMORANDUM & ORDER
                                   22-MC-2137(JS)
        -against-

UNITED STATES OF AMERICA,

                Respondent.
-------------------------------X
APPEARANCES
For Petitioner:    Christopher P. Lee, Pro Se
                   212 Sprucewood Drive
                   Levittown, New York  11756

For Respondent:    Matthew Skurnik, Esq.,
                   Assistant United States Attorney
                   United States Attorney's Office,
                   Eastern District of New York
                   271 Cadman Plaza East
                   Brooklyn, New York  11201
```

SEYBERT, District Judge:

Presently before the Court is the motion of Christopher P. Lee ("Petitioner" or "Lee"), proceeding pro se, seeking the expungement of his criminal record (hereafter, the "Expunge Motion"). (See ECF No. 1.)  The Government opposes said Motion. (See Opp'n, ECF No. 3.)  For the reasons that follow, the Expunge Motion is DENIED.

## BACKGROUND

The Court assumes the parties' familiarity with Petitioner's underlying criminal case, Case No. 11-CR-0002

(hereinafter, the "Criminal Case"). For the reader's convenience, the Court summarily states the following.

I. The Criminal Case

On January 10, 2011, Lee waived indictment and pled guilty to an information charging him with conspiracy to commit Hobbs Act extortion in violation of 18 U.S.C. § 1951(a). (See Opp'n at 1.) Thereafter, on July 16, 2019, Lee was sentenced to three years of probation. (Id.; Judgment, ECF No. 14; Sent'g Min. Entry, ECF No. 13.)

II. The Instant Motion

On July 18, 2022, using state court forms for case sealings, Lee moved for the expungement of his Criminal Case.[1] (See Expunge Motion Cover Letter ("Please see the state form attached as exhibit to have case expunged, as there are no forms for the federal court system.").) In support of his Expunge Motion, Lee acknowledged making mistakes, but claims to have grown

---

[1] Courts within the Second Circuit "treat the terms 'seal' and 'expunge' interchangeably and apply the same standard when deciding motions to seal or motions to expunge criminal records." Melvin v. United States, No. 18-MC-3359, 2019 WL 5394646, at *1 n.1 (E.D.N.Y. Oct. 21, 2019); see also Ali v. United States, No. 13-MC-0342, 2013 WL 4048498, at *1 n.1 (E.D.N.Y. Aug. 9, 2013) (explaining the terms "expunge" and "seal" "have been used interchangeably when a request to seal or expunge is made" and that "[m]otions to seal or expunge criminal records apply the same stringent standard" (citations omitted)). Accordingly, notwithstanding his use of the state court sealing form, the Court deems Lee's present request as a motion to expunge his criminal record.

from them.  (Expunge Motion at 3.[2])  Lee further explains he: (a) has started a family, (b) has maintained employment for more than 12 years; (c) coaches lacrosse and football within the community, which he loves; and (d) is "100% a different person today . . . who wants the best for his family".  (Id.)  He argues expunging his Criminal Case will provide "additional job possibilities that I don't have a chance with now."  (Id.)[3]

In opposition, the Government asserts, "[T]he Court lacks jurisdiction to grant the requested relief."  (Opp'n at 2.) It relies upon Doe v. United States, 833 F.3d 192 (2d Cir. 2016), wherein the Second Circuit held district courts "lack subject-matter and ancillary jurisdiction to grant a motion to expunge a criminal conviction years after the conviction occurred when Congress has not specifically legislated that remedy."  (Id. (citing Doe, 833 F.3d at 196-97; collecting cases dismissing

---

[2]  The Court cites to the internal page numbers of the Expunge Motion.

[3]  For unknown reasons, a briefing schedule on the Expunge Motion was not entered until March 6, 2024.  (See Mar. 6, 2024 Elec. Sched. Order.)  Petitioner was given until April 5, 2024 to file a Supporting Memorandum; the Government was given until May 6, 2024 to file its Response; and, Petitioner was afforded until May 20, 2024 to file a Reply, if he so chose.  (See id.)  While Petitioner did not file a Supporting Memorandum (see Case Docket, in toto), the Government complied with the briefing scheduling, filing its Response on May 6, 2024. (See Opp'n ECF No. 3.) Petitioner did not reply.  (See Case Docket, in toto.)  The Court deems the Expunge Motion fully briefed and proceeds to rule on it herein.

motions to expunge for lack of jurisdiction).)  The Government expounds on its Opposition, stating, "[T]he Second Circuit expressly rejected '[e]xpungement of a criminal record solely on equitable grounds, such as to reward a defendant's rehabilitation and commendable post-conviction conduct.'" (Id. (quoting Doe, 833 F.3d at 198).)  For the reasons that follow, the Court agrees.

## DISCUSSION

As an initial matter, because Petitioner's submissions were filed pro se, the Court will liberally construe them "'to raise the strongest arguments that they suggest.'"  Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).  However, this does not excuse Petitioner "'from compl[ying] with relevant rules of procedural and substantive law'. . . ."  Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981)).

I.   Legal Standard

"Federal courts . . . are courts of limited jurisdiction."  Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001).  Except in limited circumstances provided for by statute, district courts lack subject matter jurisdiction to expunge valid convictions and cannot exercise ancillary jurisdiction to do so. See Do, 833 F.3d at 196-97; see also Johnson v. United States, No. 21-MC-0788, 2021 WL 2827350, at *3 (E.D.N.Y. July 7, 2021) (same);

Cicero v. United States, No. 19-MC-1143, 2021 WL 2075715, at *1 and n.3 (E.D.N.Y. May 24, 2021) (same); cf. United States v. Schnitzer, 567 F.2d 536 (2d Cir. 1977) (holding "[a] court, sitting in a criminal proceeding, has ancillary jurisdiction to issue protective orders regarding dissemination of arrest records" (emphasis added)); Doe, 833 F.3d at 197 ("We therefore conclude that Schnitzer is confined to the expungement of arrest records following a district court's order of dismissal . . . ."). Rather, "the Supreme Court instruct[s] that ancillary jurisdiction may be exercised 'for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.'" Doe, 833 F.3d at 198 (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 379-80 (1994)). Since expungement of a criminal record premised solely upon equitable grounds does not satisfy either of these purposes, a district court is without a basis to exercise its ancillary jurisdiction to expunge the record of a valid conviction. See id. (citations omitted); see also Johnson, 2021 WL 2827350, at *3 (finding court lacked jurisdiction to consider expungement petition where underlying conviction was valid and there was no statutory exception that would confer jurisdiction upon the court to permit

consideration of the petition); Cicero, 2021 WL 2075715, at *2 (same) (collecting cases regarding courts lacking ancillary jurisdiction to expunge valid convictions); cf. United States v. Bolera, No. 00-CR-0631, 2021 WL 5232452, at *2 (finding court lacked jurisdiction over request to seal a valid conviction). Indeed, it is well-settled that "[t]he standard in the Second Circuit under which courts may expunge criminal records is stringent" and "[d]ifficulty in obtaining or maintaining employment because of a criminal record has been held insufficient to warrant expungement." Joefield v. United States, No. 13-MC-367, 2013 WL 3972650, at *3 (E.D.N.Y. Aug. 5, 2013) (collecting cases).

II. Application

Here, Petitioner's Expunge Motion is devoid of any claims his guilty plea was invalid or coerced, or that there are extreme circumstances, e.g., his constitutional rights were violated; his arrest was primarily to harass him as a worker; the police misused his criminal records; or the underlying statute of his conviction was later declared unconstitutional, see Joefield, 2013 WL 3972650, at *3 (providing these examples as extreme circumstances), which, if any such claims were present, would warrant using the Court's ancillary jurisdiction. See Prophete v. United States, No. 10-MC-0811, at *1 (E.D.N.Y. Oct. 20, 2011). Moreover, nothing in Lee's supporting submissions establish such

claims.  Rather, it is readily apparent Lee's request is equitable in nature, i.e., he seeks expungement to secure better employment opportunities and, implicitly, to support an appeal to the U.S. Lacrosse Membership Appeals Committee.  (See, e.g., Lee's Apr. 13, 2021 Appeal Letter, ECF No. 1 at ECF p.16.)  This is not enough to evoke the Court's ancillary jurisdiction.  See Joefield, 2013 WL 3972650, at *3; see also id. *5 ("[A] generalized fear of adverse employment consequences is insufficient to warrant expungement."); see also Johnson, 2021 WL 2827350, at *3 ("[S]ince: (1) Johnson's Criminal Case has long been concluded; (2) his only argument which the Court has been able to glean from his submissions and in support of the Court exercising its ancillary jurisdiction, i.e., that the expungement of Johnson's Criminal Case may somehow facilitate his being awarded veteran-related benefits, is both equitable in nature and factually independent from his Criminal Case; (3) "expunging a record of conviction on equitable grounds is entirely unnecessary to manage a court's proceedings, vindicate its authority, or effectuate its decrees," id. (quoting Kokkonen, 511 U.S. at 380) (cleaned up); and, (4) Petitioner has not pointed to, nor has the Court been able to find, any statutory authority permitting the Court to rule upon the Expunge Petition, there is no basis to exercise ancillary jurisdiction in this instance."); United States v. Ravitsky, No. 02-CR-1268, 2006 WL 145567, at *3 (E.D.N.Y. May 23, 2006) ("[T]he generalized fear of a potential

adverse effect on future employment is an insufficient justification for sealing."); United States v. Feret, No. 05-MJ-0075, 2007 WL 2262867, at *2 (E.D.N.Y. Aug. 3, 2007) (denying motion to expunge by petitioner who feared having to explain a dismissed complaint to potential employers).  Thus, while empathetic to Petitioner's plight, this Court is without a basis to exercise ancillary jurisdiction to grant the relief sought.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Petitioner's Expunge Motion (ECF No. 1) is DISMISSED; and

IT IS FURTHER ORDERED that the Clerk of Court close this case and mail a copy of this Memorandum and Order to the pro se Petitioner at his address of record.

SO ORDERED.

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated:   July 25, 2024  
         Central Islip, New York